UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLA CASTILLO LINN,

        Plaintiff,

v.

JO-ANN STORES, LLC,

        Defendant.

C23-1035 TSZ

MINUTE ORDER

    The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

    (1)    Defendant's motion for costs and to stay proceedings, docket no. 15, is DENIED in part and GRANTED in part, as follows:

        (a)    Defendant's request for attorney's fees pursuant to Federal Rule of Civil Procedure 41(d)[1] is DENIED. As the Ninth Circuit has made clear, the term "costs" does not include attorney's fees "as a matter of right." See <u>Moskowitz v. Am. Sav. Bank, F.S.B.</u>, 37 F.4th 538, 545 (9th Cir. 2022). The Ninth Circuit has, however, left open the question of whether attorney's fees might be available under Rule 41(d) upon a showing of either (i) the availability of attorney's fees pursuant to a substantive statute underlying the claim at issue, or (ii) bad faith, vexatiousness, wanton actions, or forum shopping in the dismissal and refiling of an action. See <u>id.</u> at 544–46. This matter involves a tort claim alleged under state

---

[1] "If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied." Fed. R. Civ. P. 41(d).

MINUTE ORDER - 1

common law, and defendant does not assert that any applicable statute would authorize attorney's fees. Rather, defendant contends that plaintiff has acted in bad faith, vexatiously, or in a wanton manner.[2] Although defendant's frustration is understandable, the Court is not persuaded that an award of attorney's fees is warranted, particularly in light of plaintiff's financial situation, as set forth in her declaration, docket no. 20. Plaintiff's decision to voluntarily dismiss the previous lawsuit was motivated primarily by unfavorable deposition testimony provided by plaintiff's treating physician, Christopher Boone, M.D. *See* Balint Decl. at 2 (docket no. 19). According to plaintiff's counsel, Dr. Boone was unprepared for his deposition, and his testimony that he was a "fact-based witness," as opposed to an expert witness, was unexpected. *Id.* ("Dr. Boone never [previously] indicated a refusal to act as an expert."); *see* Boone Dep. at 6:13–16, Ex. 8 to Balint Decl. (docket no. 19-1 at 93). Plaintiff's attorney further avers that he was surprised by Dr. Boone's testimony on causation, which was contrary to the opinion set forth in his declaration. *Compare* Boone Dep. at 33:13–24 & 34:11–21, Ex. 8 to Balint Decl. (docket no. 19-1 at 120–21) (stating that he was unable to draw a casual relationship between plaintiff's injury and her fall at defendant's store) *with* Boone Decl., Ex. 7 to Balint Decl. (docket no. 19-1 at 64) (opining that "the slip and fall of June 27, 2020, was the cause of [plaintiff's] labral tear necessitating the surgery"). Dr. Boone's deposition occurred on May 12, 2022, and only two weeks later, defendant moved for summary judgment. *See* First Decl. at ¶ 28 (docket no. 16) (indicating that defendant's motion was filed on May 26, 2022). The very next day, on May 27, 2022, plaintiff moved for voluntary dismissal. Ex. 21 to First Decl. (docket no. 16-21). These undisputed facts do not support the type or amount of sanctions ($88,507 in attorney's fees) that defendant has proposed.

     (b)    Defendant's request for costs pursuant to Rule 41(d) is GRANTED in part and DENIED in part. Defendant is AWARDED $252.49 in costs for the jury demand fee that it paid to King County Superior Court, $64.98 in costs for working-copies fees charged by King County Superior Court in connection with defendant's motion for summary judgment, and $3,500 in fees that defendant paid to the mediator, for a total of $3,817.47. *See* First Decl. at ¶ 42 & Ex. 23 (docket nos. 16 & 16-23). Defendant's request for costs is otherwise denied. Defendant also asks for $4,500 in costs for deposing Dr. Boone, and a portion ($21,977.71) of the fees paid to its own experts. The Court is not convinced that these costs serve no utility in this litigation. Dr. Boone was one of plaintiff's treating physicians and, regardless of whether plaintiff identifies him as an expert or a fact witness, defendant will have the ability to solicit his testimony, and his deposition

---

[2] Any argument that plaintiff has engaged in forum shopping lacks merit. Plaintiff filed both the original complaint and the renewed pleading in King County Superior Court. Defendant is the entity that arranged for this litigation to proceed in federal court, by filing its Notice of Removal, docket no. 1.

MINUTE ORDER - 2

will remain relevant.  With respect to defendant's human factors expert, Erin Harley, Ph.D., who will no longer offer forensic services as of April 30, 2024, *see* First Decl. at ¶ 43 (docket no. 16), the alleged need for defendant to substitute Scott Reed, Ph.D. as an expert is not attributable to plaintiff.  Defendant still has sufficient time to perpetuate Dr. Harley's testimony and take other steps to avoid paying another scientist to duplicate her work.  As for defendant's orthopedic-surgery expert John Hung, M.D., defendant has offered no basis for estimating that one-fourth (25%) of Dr. Hung's prior efforts would be of no relevance in this matter.

(c)   Defendant's request for a stay until plaintiff pays the costs awarded to defendant is DENIED.  If plaintiff prevails in this matter, the amount set forth in Paragraph 1(b) will be deducted from any judgment in her favor.  If plaintiff does not prevail, then any judgment entered in favor of defendant will reflect the costs owed pursuant to Paragraph 1(b).

(2)   Having reviewed the Joint Status Report, docket no. 21, submitted by the parties, the Court hereby SETS the following dates and deadlines:

| | |
|---|---|
| **JURY TRIAL DATE (7 days)** | **May 6, 2024** |
| Disclosure of expert testimony | November 30, 2023 |
| Discovery motions filing deadline | December 7, 2023 |
| Discovery completion deadline | January 15, 2024 |
| Dispositive motions filing deadline[3] | February 15, 2024 |
| Deadline for filing motions related to expert testimony (*e.g.*, Daubert motions)[3] | February 22, 2024 |
| Motions in limine filing deadline | April 4, 2024 |

---

[3] Any dispositive motion shall be noted on the motion calendar no later than the fourth Friday after filing, and any motion related to expert testimony shall be noted on the motion calendar no later than the third Friday after filing.  *See* Local Civil Rule 7(d)(3).

MINUTE ORDER - 3

| | |
|---|---|
| Agreed pretrial order[4] due | April 19, 2024 |
| Trial briefs, proposed voir dire questions, and jury instructions due | April 19, 2024 |
| Pretrial conference | April 26, 2024 at 1:30 p.m. |

All other dates and deadlines are specified in the Federal Rules of Civil Procedure and the Local Civil Rules. These dates are firm and may be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed will not be recognized as good cause. If the dates or deadlines set forth in this Minute Order present an irreconcilable conflict, counsel must notify chambers at (206) 370-8830 within fourteen (14) days of the date of this Minute Order; failure to do so will be deemed a waiver. Counsel must be prepared to begin trial on the date scheduled, but they should understand that the trial might have to await the completion of other matters.

Notwithstanding Local Civil Rule 16.1, the exhibit list to be included in the agreed pretrial order shall be prepared in table format with the following columns: "Exhibit Number," "Description," "Admissibility Stipulated," "Authenticity Stipulated / Admissibility Disputed," "Authenticity Disputed," and "Admitted." The latter column is for the Clerk's convenience and shall remain blank, but the parties shall indicate the status of an exhibit's authenticity and admissibility by placing an "X" in the appropriate column. Duplicate documents shall not be listed twice; once a party has identified an exhibit in the pretrial order, any party may use it.

The original and one copy of the trial exhibits are to be delivered to the courtroom at a time coordinated with Laurie Cuaresma, who can be reached at 206-370-8521. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs. Each exhibit shall be clearly marked with an exhibit number. Plaintiff's exhibits shall be numbered consecutively beginning with 1; defendant's exhibits shall be numbered consecutively beginning with the next multiple of 100 after plaintiff's last exhibit. For example, if plaintiff's last exhibit is numbered 159, then defendant's exhibits shall begin with the number 200.

If the parties reach a settlement in principle, counsel shall immediately notify chambers at (206) 370-8830. *See* Local Civil Rule 11(b).

---

[4] The agreed pretrial order shall be filed in CM/ECF and shall also be attached (as a Word compatible file) to an e-mail sent to the following address: ZillyOrders@wawd.uscourts.gov.

MINUTE ORDER - 4

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 25th day of October, 2023.

Ravi Subramanian  
Clerk

s/Laurie Cuaresma  
Deputy Clerk

MINUTE ORDER - 5