UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLA CASTILLO LINN,

        Plaintiff,

  v.

JO-ANN STORES, LLC,

        Defendant.

C23-1035 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to exclude testimony of Brian Wicks, MD, docket no. 41, is DENIED. Defendant maintains that Dr. Wicks' causation opinion is based on his assertion that he can determine the precise moment Plaintiff's left knee contacted the ground from the surveillance video of Plaintiff's fall even though Dr. Wicks is not an expert in video analysis and photogrammetric analysis.[1] Def.'s Mot. at 1–2, 8–10 (docket no. 41). Defendant argues that Dr. Wicks "adopts the unsupported causation opinion put forth by another new expert retained by plaintiff, Theodore Becker, Ph.d." Id. at 3. Although Dr. Wicks based his opinion in part of his review of the surveillance video of Plaintiff's fall and on Dr. Becker's report, Dr. Wicks' causation opinion is also based on his "review of the medical records with close attention paid to the timeline of complaints and treatment, coupled with [his] clinical experience in treating traumatic conditions of the hip[.]" Wicks Rep., Ex. A to Balint Decl. (docket no. 61-1 at 4). Moreover, Dr. Wicks testified that he arrived at his opinions independent of Dr. Becker's report and reconstruction, and that he was not relying on Dr. Becker's report. Wicks Dep. at 63:11-

---

[1] Defendant makes no other argument as to why Dr. Wicks' opinion should be excluded, such as challenging Dr. Wicks' credentials to give a medical opinion about a hip injury.

MINUTE ORDER - 1

18 & 100:3-10, Ex. D to Balint Decl. (docket no. 61-1 at 16 & 18).  Thus, Dr. Wicks will be permitted to provide a causation opinion regardless of any subsequent ruling related to Dr. Becker.

(2)     Defendant's motion for partial summary judgment, docket no. 35, is STRICKEN as moot.  Because Defendant requests that its motion for partial summary judgment be considered <u>only</u> if Defendant's motion for summary judgment, docket no. 27, is denied and Defendant's motion to exclude testimony of Theodore Becker and motion to exclude testimony of Brian Wicks are granted, <u>see</u> Def.'s Mot. at 1 (docket no. 35), the Court need not consider Defendant's motion for partial summary judgment.

(3)     Defendant's motion to substitute expert, docket no. 82, is GRANTED.  Plaintiff's alternative motion seeking sanctions, <u>see</u> Pl.'s Resp. at 7 (docket no. 89), is DENIED.  Although discovery closed on February 12, 2024, <u>see</u> Joint Status Report (docket no. 55), Plaintiff may depose Scott Reed, Ph.D., on or before August 16, 2024, at a time and place to be agreed upon by the parties.  In the event the parties cannot agree on the time, place, and mode of the deposition, the parties are directed to call chambers and request a telephone conference with the Court.

(4)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 27th day of June, 2024.

<u>Ravi Subramanian</u>
Clerk

<u>s/Laurie Cuaresma</u>
Deputy Clerk

MINUTE ORDER - 2